In re Dewey Lawrence **CARNAHAN** a/k/a Larry Carnahan, d/b/a **Federal National Finance Corp., Debtor.**

Edward S. **MIDDLESWARTH** and Louis L. **Fox, Plaintiffs,**

v.

Dewey Lawrence **CARNAHAN, Jr.** a/k/a Larry Carnahan, d/b/a Federal National Finance Corp., Defendant.

Bankruptcy No. 89 B 12683 A.
Adv. No. 89 A 1420.

United States Bankruptcy Court, D. Colorado.

May 23, 1990.

Bruce W. Dewald, Shaver & Licht, Denver, Colo., for plaintiffs.

T.M. Brown, T.M. Brown & Associates, Denver, Colo., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

ARTHUR N. VOTOLATO, Jr.*, Bankruptcy Judge.

Heard in Denver, on May 8, 1990, on the plaintiffs' complaint to have the obligations represented by two promissory notes declared nondischargeable, pursuant to § 523(a)(4). The issue before the Court is whether the "Middleswarth settlement" and the two notes issued pursuant thereto, were intended to address all claims asserted by the limited partners against the debtor (including a claim for fraud), or whether that agreement was intended merely to adjust the capital accounts of the partners. Based upon the evidence presented at trial, both testimonial and documentary, we make the following findings of fact, conclusions of law, and order for judgment:

1. The defendant/debtor, Dewey Carnahan, admits that in mortgaging partnership property to the First Interstate Bank of Denver in 1979, to secure his personal obligations, without the knowledge, approval

* Of the District of Rhode Island, sitting by desig-

or authorization of the limited partners, he engaged in fraudulent conduct, nondischargeable pursuant to § 523(a)(2)(A).

2. In February, 1987 and on March 17, 1987, settlement agreements were entered into between the bank, the limited partners and the debtor. In this litigation, these agreements have been referred to as "the bank settlement" (Exhibit B) and the "the Middleswarth settlement" (Exhibit A), respectively. The February 1987 bank settlement resolved all disputes between the limited partners and the bank. Carnahan argues that the bank settlement also resolved all disputes between himself and the limited partners, except for the adjustment of capital accounts.

3. The Middleswarth settlement, upon which the plaintiffs' action for nondischargeability is based, resulted in the issuing by the defendant, on March 15, 1987, of two promissory notes, in the amount of $37,843 and $29,725 payable to Middleswarth and Fox respectively, limited partners and plaintiffs herein.

4. Payments were due on the notes in semi-annual installments beginning on September 17, 1987. The debtor admits that no payments were ever made on these notes to either Middleswarth or Fox.

5. Based upon the unambiguous language contained in both settlements, specifically paragraph 17 of the bank settlement which, without restriction, reserves the claims between the limited partners and the debtor as to the "internal operations of the partnership"; and the first "WHEREAS" clause of the Middleswarth settlement, which refers to the conduct of the debtor in mortgaging partnership property to the Bank, we find as a fact and conclude as a matter of law that the Middleswarth settlement contemplated the resolution of the same claims raised in the state court litigation (case number 86 CV 31, District Court, County of Elbert, State of Colorado), including the limited partners' claims against Carnahan based upon fraud.

nation.

6. Although certainly energetic and inventive, the debtor's argument that the bank settlement was intended to also resolve the fraud claims of the limited partners against the debtor, and that Mr. Carnahan is just a victim of poor draftsmanship, that contention is clearly contrary to the evidence, and without merit.

7. We agree with the holding of the Eleventh Circuit in *Greenberg v. Schools*, 711 F.2d 152 (11th Cir.1983), which adopted, in its entirety, the decision of the U.S. District Court for the Southern District of Florida, that "a debt which originates from the debtor's fraud should not be discharged simply because the debtor entered into a settlement agreement." *Id.* at 156.

8. Accordingly, we conclude that that portion of the Middleswarth settlement, and the corresponding promissory notes attributable to the debtor's fraudulent conduct, is nondischargeable.

9. With respect to the determination of damages, which requires an apportionment of the two notes, we agree with the calculation format submitted by the plaintiffs (*see* plaintiffs' written statement of damages, letter dated May 8, 1990), but disagree with their application of the pertinent figures. Based upon the evidence, we calculate the plaintiffs' damages as follows:

| | | | |
|---|---|---|---|
| A. | Land value as of 1987: | $2,500,000 | (Exhibit 46) |
| | Value of limited partners interest: | 833,333 | |
| | LESS | | |
| B. | Payment to limited partners: | 150,000 | (per bank settlement) |
| | | 33,333 | (⅓ of mortgage payoff) |
| | | 311,912 | (1990 distribution) |
| | | $ 495,245 | |
| C. | Difference (A − B) | 338,088 | |
| D. | PLUS attorney's fees: | 53,115 | |
| | TOTAL: | $ 391,203 | |
| E. | Comparison of Dischargeable versus Nondischargeable damages: | | |
| | (nondischargeable) | $ 391,203 | 82.57% |
| | (dischargeable) | 82,558 | 17.43% |
| | TOTAL: | $ 473,761 | 100 % |
| F. | Middleswarth note: | 82.57% of $37,843 = $31,247 | |
| G. | Fox note: | 82.57% of $29,725 = $24,544 | |

---

10. Therefore, it is ORDERED that the Middleswarth note is nondischargeable in the amount of $31,247; and the Fox note is nondischargeable in the amount of $24,544.

11. The plaintiffs' have also asserted that both notes are nondischargeable, in their entirety, because the defendant did not intend to repay the notes when he executed them. As to this contention, we rule that the plaintiffs have not established, by clear and convincing evidence, that the debtor did not intend to pay the two promissory notes at the time they were executed.

Enter Judgment accordingly.